**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-30280
Summary Calendar

HUGH J. BABIN,

Plaintiff-Appellant,

VERSUS

SHONEY'S INCORPORATED,

Defendant-Apellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-2364-L

February 18, 1999

BEFORE WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Hugh J. Babin, filed suit against the defendant, Shoney's Incorporated, seeking to recover damages for injuries allegedly suffered when he slipped and fell on the floor of a Shoney's Restaurant.[1] Babin sought to recover general damages for three categories of injury which he alleged to have resulted from the accident: (1) loss of hearing; (2) neck injury and cervical disk surgery; and (2) low back injury. He also sought special damages for medical expenses. The case was tried to a jury. Because Shoney's, Inc. stipulated to liability, the only issue to be decided by the jury was the extent of damages to be awarded. The jury awarded Babin

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Babin originally filed suit in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. Shoney's, Inc. timely removed the action to the United States District Court for the Eastern District of Louisiana.

$8,000.00 for past pain and suffering and $1,000.00 for past medical expenses. The jury did not award Babin recovery for future medical expenses and future pain and suffering. After the district court entered judgment on the jury's verdict, Babin filed a Motion for Judgment as a Matter of Law, or, in the alternative, a Motion for New Trial challenging the adequacy of the damage award. The district court denied these motions. Babin timely filed this appeal. We affirm.

We review the district court's denial of the Motion for a New Trial for an abuse of discretion.[2] "When the trial judge has refused to disturb a jury verdict, all the factors that govern our review of his decision favor affirmance. Deference to the trial judge, who has had an opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record, operates in harmony with deference to the jury's determination of the weight of the evidence and the constitutional allocation to the jury of questions of fact."[3] A new trial should not be granted "unless, at a minimum, the verdict is against the great -- not merely the greater -- weight of the evidence".[4]

In the instant case, the jury's verdict was not against the great weight of the evidence. Our review of the record indicates that there was more than sufficient evidence presented at trial to support a jury finding that Babin's hearing loss and neck and back problems were caused not by his fall at the Shoney's restaurant, but by a fall that occurred two years prior while in Missouri. The district court did not abuse its discretion.

AFFIRMED.

---

[2]     *Winter v. Brenner Tank, Inc.*, 926 F.2d 468, 471 (5th Cir. 1991); *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982).

[3]     *Shows*, 671 F.2d at 930.

[4]     *Id.* (quoting *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980)).